CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JAN 31 2017

JULIA C. DUDLEY, CLERK
BY: /s/
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SMART WEARABLE TECHNOLOGIES INC., )
)
    Plaintiff, )
)    Civil Action No. 3:16CV00047
)
v. )    **MEMORANDUM OPINION**
)
)    By: Hon. Glen E. Conrad
MICROSOFT CORPORATION, )    Chief United States District Judge
)
    Defendant. )

Smart Wearable Technologies Inc. ("Smart Wearable") filed this action against Microsoft Corporation ("Microsoft"), alleging that Microsoft has infringed Claim 8 of U.S. Patent No. 6,997,882 ("the '882 Patent"). Microsoft has moved to dismiss the case under Rule 12(b)(6) of the Federal Rules of Civil Procedure, based on a printing error in Claim 8. Microsoft argues that the printing error cannot be corrected by the court, and that it renders the patent claim invalid under 35 U.S.C. § 112. For the reasons set forth below, the court finds Microsoft's arguments premature at this stage of the proceedings. Accordingly, the motion to dismiss will be denied.

### Background

Smart Wearable is the owner of the '882 Patent, titled "6-DOF Subject Monitoring Device and Method," which was issued by the United States Patent and Trademark Office ("USPTO") on February 14, 2006. The patent "relates to systems and methods of monitoring a subject using acquired six degree-of-freedom ("6-DOF") data regarding the subject as well as acquired physiological data of the subject." Compl. ¶ 6, Docket No. 1. "Specifically, certain claims of the '882 Patent disclose the use of an acceleration module to obtain 6-DOF data descriptive of the movement of a subject." Id. "The 6-DOF data is synchronized with obtained

physiological data, such as the sensed, detected, or measured heart rate of the subject," and [t]he synchronized 6-DOF and physiological data is then displayed." Id.

Smart Wearable contends that Microsoft has infringed the '882 Patent by making and selling items that "practice one or more claims of the '882 Patent." Id. at ¶ 11. In particular, Smart Wearable alleges that Microsoft's "Band 1" and "Band 2" products "infringe at least claim 8 of the '882 Patent." Id. at ¶ 12.

Claim 8 recites "a method of monitoring a subject during a monitoring period," which is comprised of seven "steps," lettered (a) through (g). Compl. Ex. A at 28, Docket No. 1-1. The original version of the claim contains a printing error by the USPTO. Step (b) of Claim 8 should read:

> (b) acquiring from the acceleration module attached at step (a) acceleration signals representing the accelerations of the body-segment relative to each of the x, y, and z-axes of an <u>anatomical reference frame;</u>

Pl's Br. in Opp'n Ex. A at 3, Docket No. 20-2. However, the underlined language is missing from the original version of the claim.[1]

Based on the printing error, Microsoft moved to dismiss the patent infringement action under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The court held a hearing on the motion on December 15, 2016. The motion has been fully briefed and is ripe for review.

## Standard of Review

A Rule 12(b)(6) motion tests the sufficiency of the plaintiff's complaint, which must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."

---

[1] On May 23, 2006, the named inventors of the '882 Patent filed a request for a Certificate of Correction, explaining that a portion of Claim 8 had been omitted as a result of a printing error, and that step (b) should end with "anatomical reference frame." Pl's Br. in Opp'n Ex. A at 3. At the time the instant action was filed, the USPTO had not yet approved the request. However, on November 8, 2016, the USPTO issued a Certificate of Correction that remedied the printing error at issue. During the hearing on the pending motion, the court granted the parties' request to file supplemental briefs regarding the effect, if any, that the Certificate of Correction has on the plaintiff's claims. The parties are currently scheduled to appear for oral argument on that issue on February 10, 2017.

2

Fed. R. Civ. P. 8(a); see also Presley v. City of Charlottesville, 464 F.3d 480, 483 (4th Cir. 2006). When deciding a motion to dismiss under this rule, "the reviewing court must determine whether the complaint alleges sufficient facts 'to raise a right to relief above the speculative level' and 'to state a claim to relief that is plausible on its face.'" Goldfarb v. Mayor & City Council of Baltimore, 791 F.3d 500, 508 (4th Cir. 2015) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007)). In so doing, the court must accept as true all well-pleaded allegations and draw all reasonable factual inferences in the plaintiff's favor. Id. "While no absolute bar exists, a motion to dismiss under Rule 12(b)(6) does not typically resolve the applicability of defenses to a well-pled claim." Goldfarb, 791 F.3d at 508 (citing Tobey v. Jones, 706 F.3d 379, 387 (4th Cir. 2013)).

## Discussion

In moving to dismiss the instant action under Rule 12(b)(6), Microsoft seeks a determination regarding the validity of Claim 8 of the '882 Patent, as it was originally issued by the USPTO. Smart Wearable argues that the printing error in step (b) of Claim 8 cannot be corrected by the court, and that the uncorrected claim is invalid under 35 U.S.C. § 112. During the hearing on the pending motion, the court questioned whether a Rule 12(b)(6) motion is the appropriate vehicle for resolving these issues. Upon review of applicable caselaw, the court concludes that neither issue can be decided at this stage of the proceedings.

### I. Judicial Correction of Claim Terms

"It is well-settled law that, in a patent infringement suit, a district court may correct an obvious error in a patent claim." CBT Flint Partners, LLC v. Return Path, Inc., 654 F.3d 1353, 1358 (Fed. Cir. 2011) (citing I.T.S. Rubber Co. v. Essex Rubber Co., 272 U.S. 429, 442 (1926)). In Novo Industries, L.P. v. Micro Molds Corp., 350 F.3d 1348 (Fed. Cir. 2003), the United States Court of Appeals for the Federal Circuit held that "[a] district court can correct a patent only if

3

(1) the correction is not subject to reasonable debate based on consideration of the claim language and the specification and (2) the prosecution history does not suggest a different interpretation of the claims." 350 F.3d at 1357. The Court declined to make the proposed corrections to the claim at issue in that case, since the corrections were "substantively significant and required guesswork as to what was intended by the patentee in order to make sense of the patent claim." CBT Flint, 654 F.3d at 1358 (citing Novo Industries, 654 F.3d at 1357).

Since Novo Industries was decided, the Federal Circuit has made clear that in deciding whether it has authority to correct a claim, a district court must consider any proposed correction "from the point of view of one skilled in the art." Ultimax Cement Mfg. Corp. v. CTS Cement Mfg. Corp., 587 F.3d 1339, 1353 (Fed. Cir. 2009). In Ultimax, the district court refused to correct a possible drafting error that resulted in a missing comma between the symbols for fluorine and chlorine. Id. at 1352. Although a neutral, court-appointed expert testified that a person of ordinary skill in the art would have known that there should be a comma between the two symbols, the district court declined to correct the error, since the correction was not clear on the face of the patent. Id. at 1352-53. On appeal, the Federal Circuit held that the district court had the authority to correct the patent. Id. at 1353. The Court explained that "if the correction is not subject to reasonable debate to one of ordinary skill in the art, namely, through claim language and the specification, and the prosecution history does not suggest a different interpretation, then a court can correct an obvious typographical error." Id.

More recently, in CBT Flint, the Federal Circuit once again underscored the importance of considering any proposed correction "from the point of view of one skilled in the art." See 654 F.3d at 1358. In concluding that the district court erred in holding that it was not authorized to correct a drafting error in a patent claim, the Federal Circuit emphasized that "[a]lthough the district court found that there are at least three alternatives that appear to be equally reasonable,"

4

it "failed to consider those alternatives from the point of view of one skilled in the art." Id. In addition, the Federal Circuit rejected the defendant's argument that correction of a claim must precede claim construction, and observed that "the testimony of a person of skill in the art may be relevant to a court's decision on the meaning of a claim." Id. at 1359-60.

Based on the foregoing precedent, the court is convinced that a Rule 12(b)(6) motion is not the appropriate vehicle for the court to decide whether it has the authority to correct the printing error in Claim 8. At this stage of the proceedings, the court is unable to determine whether the proposed correction is "subject to reasonable debate to one of ordinary skill in the art." Ultimax, 587 F.3d at 1353. Consistent with other cases, the court believes that the parties' arguments on this issue are better suited for claim construction or summary judgment. See, e.g., CBT Flint, 654 F.3d at 1361 (deciding on the summary judgment record that the district court had authority to correct an error in the patent claim); Ultimax, 587 F.3d at 1353 (same); Gilead Sciences, Inc. v. Watson Labs., Inc., No. 15-2350, 2016 U.S. Dist. LEXIS 55763, at *6 (D.N.J. Apr. 26, 2016) (holding, following the conduct of a claim construction hearing, that judicial correction of a disputed claim was inappropriate).

## II. Invalidity under 35 U.S.C. § 112

The parties also dispute whether Claim 8, if left uncorrected, is invalid under 35 U.S.C. § 112. For essentially the same reasons, the court concludes that this issue cannot be decided on a Rule 12(b)(6) motion to dismiss.

Every issued patent is entitled to a statutory presumption of validity. 35 U.S.C. § 282(a). The burden of establishing the invalidity of a patent or any of its claims rests on the party asserting such invalidity. Id. Existing precedent "requires patent challengers to prove invalidity by clear and convicting evidence." Tate Access Floors, Inc. v. Interface Architectural Res., Inc.,

5

279 F.3d 1357, 1367 (Fed. Cir. 2002); see also Nautilus, Inc. v. Biosig Instruments, Inc., 134 S. Ct. 2120, 2130 n.10 (2014) (citing Microsoft Corp. v. i4i Ltd. P'ship, 564 U.S. 91 (2011)).

In this case, Microsoft argues that the printing error in Claim 8 renders it invalid under the second paragraph of 35 U.S.C. § 112, which requires that a patent specification "conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112, ¶ 2.[2] The Federal Circuit has "explained that the second paragraph of § 112 contains two requirements: 'first, [the claim] must set forth what 'the applicant regards as his invention,' and second, it must do so with sufficient particularity and distinctness, i.e., the claim must be sufficiently 'definite.'" Allen Eng'g Corp. v. Bartell Indus., Inc., 299 F.3d 1336, 1348 (Fed. Cir. 2002) (quoting Solomon v. Kimberly-Clark Corp., 216 F.3d 1372, 1377 (Fed. Cir. 2000)). Both requirements must be considered from the point of view of one skilled in the art. Id. A claim fails to satisfy the first requirement if "it would be apparent to one of skill in the art, based on the specification, that the invention set forth in a claim is not what the patentee regarded as his invention." Id. A claim fails to satisfy the second requirement, that of definiteness, if the claim, "read in light of the specification delineating the patent, and the prosecution history, fail[s] to inform, with reasonable certainty, those skilled in the art about the scope of the invention." Nautilus, 134 S. Ct. at 2124.

Although "[a] finding of invalidity under 35 U.S.C. § 112, paragraph 2, is a question of law," Howmedica Osteonics Corp. v. Tranquil Prospects, Ltd., 401 F.3d 1367, 1370 (Fed. Cir. 2005), "it requires underlying factual determinations as to what one skilled in the art would have understood," Viva Healthcare Packaging USA Inc. v. CTL Packaging USA Inc., No. 3:13-CV-

---

[2] Pursuant to the Leahy-Smith America Invents Act (AIA), Pub. L. No. 112-29, which became effective September 16, 2012, paragraph 2 of § 112 was redesignated as § 112(b). Because the patent at issue stems from an application filed before the effective date of the AIA, the court will refer to the pre-AIA version of the provision. See Cox Communs., Inc. v. Sprint Commun. Co. LP, 838 F.3d 1224, 1228 n.2 (Fed. Cir. 2016).

6

00569-MOC-DSC, 2016 U.S. Dist. LEXIS 90130, at *40 (W.D.N.C. July 12, 2016) (citing BJ Servs. Co. v. Halliburton Energy Servs., Inc., 338 F.3d 1368, 1372 (Fed. Cir. 2003)). Moreover, the Federal Circuit has held that "a claim 'must be construed before determining its validity just as it is first construed before deciding infringement.'" State Contr. & Eng'g Corp. v. Condotte Am., Inc., 346 F.3d 1057, 1067 (Fed. Cir. 2003) (quoting Markman v. Westview Instruments, Inc., 52 F.3d 967, 997 n.7 (Fed. Cir. 1995) (Mayer, J., concurring)). For these reasons, district courts routinely decline to consider invalidity arguments under paragraph 2 of § 112 at the motion to dismiss stage. See, e.g., Lecat's Ventriloscope v. MT Tool & Mfg., No. 16 C 5298, 2017 U.S. Dist. LEXIS 2631, at *22 (N.D. Ill. Jan. 6, 2017) (rejecting the defendant's argument under § 112 as "premature," since "it is intertwined with claim construction, which hasn't occurred yet"); Audio MPEG, Inc. v. HP Inc., No. 2:15-cv-00073-HCM-RJK, 2016 U.S. Dist. LEXIS 181710, at *45 (E.D. Va. July 1, 2016) (finding "that the more prudent approach is to address indefiniteness either during or after the Markman hearing"); Johnstech Int'l Corp. v. JF Tech. Berhad, No. 14-CV-02864-JD, 2015 U.S. Dist. LEXIS 58233, at *8 (N.D. Cal. May 1, 2015) (explaining that "an analysis under § 112 ¶ 2 is inextricably intertwined with claim construction," and, thus, that it would be "premature" to find a claim invalid at the motion to dismiss stage).

  In arguing that the validity of a patent claim can be decided in the context of a Rule 12(b)(6) motion, the defendant cites to the Eastern District of Virginia's decision in In re TLI Communications LLC Patent Litig., 87 F. Supp. 3d 773 (E.D. Va. 2015). In that case, however, as others have noted, "the motion to dismiss was decided well after the pleading stage, by which point the parties had already 'fully briefed' their claim construction positions, and the court had already heard '[e]xtensive oral argument' on claim construction." Lecat's Ventriloscope, 2017 U.S. Dist. LEXIS 2631, at *22 (quoting In re TLI Communications, 87 F. Supp. 3d at 782); see

also Audio MPEG, Inc., 2016 U.S. Dist. LEXIS 181710, at *45 (noting that the case before it was readily distinguishable since "the Court [had] not yet received Markman briefing"). Here, in contrast, the proceedings are at a very early stage: no Markman hearing has been scheduled and no claim construction briefs have been filed by either side.

For these reasons, the court is convinced that a Rule 12(b)(6) motion is not the proper vehicle to address the validity of the uncorrected version of Claim 8 of the '882 Patent. To the extent Microsoft seeks dismissal of the complaint on the basis that the printing error renders the claim invalid, the defendant's motion must be denied.

## Conclusion

For the reasons stated, the court will deny Microsoft's motion to dismiss under Rule 12(b)(6). The Clerk is directed to send copies of this memorandum opinion and the accompanying order to all counsel of record.

DATED: This 31st day of January, 2017.

_____
Chief United States District Judge